UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                            **CHAPTER 7**

ANDREA LOGAN                                      Case # 04-433-44 (RDD)

                              Debtor.
------------------------------------------------------------X
CHELSEA MINI STORAGE,

                              Plaintiff

    -against-

ANDREA LOGAN,

                              Defendant.
------------------------------------------------------------X

## **COMPLAINT IN AN ADVERSARY PROCEEDING:**

     CHELSEA MINI STORAGE, by its attorney, Steven I. Honig, as and for his complaint in the within Adversary Proceeding, sets forth and alleges as follows:

## **INTRODUCTION:**

1.     This Adversary Proceeding is brought by Chelsea Mini Storage ("Largest Creditor"), to object to the discharge of Debtor pursuant to: 11 U.S.C. §§727(a)(2)(A) and 727(a)(2)(B), 11U.S.C. §727(a)(3) and 11 U.S.C. §§727(a)(4)(A), 727(a)(4)(B), 727(a)(4)(D), 727(a)(6)(A) and pursuant to 363 for payment of the cash collateral resulting from the release of Largest Creditor's lien on Debtor's July 19, 2006 sale at the storage units.

## **JURISDICTION and VENUE:**

2.     This Court has jurisdiction to hear this action pursuant to 28 U.S.C.§157 and 1334. This is a core proceeding under 28 U.S.C. § 157 (b)2(A) and (J).

3.     Venue lies in this Court pursuant to 28 U.S.C. §1409(a).

## **PRIOR ADJOURNMENTS:**

4.     Debtor was to attend a 341(a) meeting on November 15, 2005. Such meeting was continued to December 6, 2005, December 20, 2005, January 20, 2006, February 16, 2006, March 23, 2006, April 27, 2006, May 24, 2006, June 20,

1

2006, July 25, 2006, August 9, 2006, September 20, 2006, October 25, 2006, and stipulations were entered in by Richard O'Connell Chapter 7 Trustee and so ordered and filed and entered on January 20, 2006, March 17, 2006, May 30, 2006, July 20, 2006 and September 20, 2006 extending the last day to move to dismiss and object were extended until November 16, 2006.

5. Prior to the commencement of this Adversary Proceeding, debtor has not attended a 341(a) meeting and not submitted tax returns or provided business records.

## PARTIES and BACKGROUND:

### *Plaintiff:*

6. Plaintiff is Debtor's largest creditor.

### *Defendant/Debtor:*

7. Defendant/Debtor is an individual.

8. Defendant/Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on November 8, 2004 (the "Filing Date"), and listed $220,000.00 in total debt and $500,000.00 to $1 million in total assets.

9. Defendant/Debtor has not provided Federal Income tax returns

10. On July 19, 2006, Debtor advised the Largest Creditor that she had a valuable medical/malpractice claim that was an asset of the estate that was not scheduled and after the dismissal of the bankruptcy she would pursue such claim. On July 19, 2006 Debtor and her attorney in the malpractice claim, Jonathan Gardner, removed 24 boxes of personal documents from Largest Creditor's facility and did not turn such documents over to the Trustee for use in the bankruptcy nor provide an inventory nor submit an affidavit of the contents within 7 days of July 19, 2006. Additionally Debtor sold the contents of her Manhattan Mini Storage unit to her father, an insider, nor has Debtor reported to the court any of her business activities and income, nor has she compiled with the June 7, 2005 Court Order. The Bankruptcy courts has consistently denied a Debtor discharge for failing to keep records from which the Debtor's financial status and business dealings might be ascertained. The law…does not require that [the debtor's books and records]…be kept in any special form of accounts. It is a question in each instance of reasonableness and the particular circumstances. Complete disclosure is in every case a condition precedent to the granting of the discharge, and as such a disclosure is not possible, without the keeping of books or records, then the absence of such amounts to that failure to which the act applies.

Bayview Laundry, Inc. Artura (In re Artura), 165 B.R. 12 (Bankr. E.D. N.Y. 1994) (quoting In re Underhill, 82 F.2d 258, 259-60 (2nd Cir. 1936) 299, U.S. 546, 57 S. Ct. 9 (1936))

## AS AND FOR A FIRST CLAIM:

11. Plaintiff respectfully repeats and realleges each and every allegation set forth in paragraphs "1" through "10" hereof, inclusive, with the same force and effect as if set forth at length herein.

12. Debtor, with intent to hinder, delay, or defraud her creditors and the trustee, has transferred, removed, destroyed, mutilated, or concealed, or has permitted his property to be transferred, removed, destroyed, mutilated, or concealed property: (A) within one year before the Filing Date and (B) after the Filing Date.

13. In this regard Debtor's conduct has included but not been limited to (the "Transfers"):

    a. Transferring property to and/or secreting property with and/or concealing property, including tax returns and the 24 boxes of personal documents and the sale of the contents to her father of the contents of her Manhattan Mini Storage unit.

    b. Specifically, transferring, secreting and concealing Debtor's interest in the law suit and the value of the Manhattan Mini Storage unit.

    c. Specifically, transferring, secreting and concealing Debtor's continuing interest in the lawsuit and the value of the Manhattan Mini Storage unit.

    d. Specifically, transferring, secreting and concealing her equitable ownership of and entitlement to the proceeds of the lawsuit and the value of the Manhattan Mini Storage unit.

    e. Specifically, transferring, secreting and concealing her income by failing to file accurate income tax returns and provide same to the court and Trustee.

    f. Specifically, transferring, secreting and concealing his income by failing to file income tax returns altogether.

14. By reason of the foregoing Transfers, including but not limited to those that are specified, the Debtor's discharge should be denied pursuant to 11 U.S.C. §§727(a)(2)(A) and 727(a)(2)(B).

3

## AS AND FOR A SECOND CLAIM:

15. Plaintiff respectfully repeats and realleges each and every allegation set forth in paragraphs "1" through "14" hereof, inclusive, with the same force and effects as if set forth at length herein.

16. Debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information, including books, documents, records, and papers, from which Debtor's financial condition or business transaction might be ascertained, and such concealment, destruction, mutilation and/or falsification of recorded information, including books, documents, records and papers were not justified under all of the circumstances of the case.

17. Debtor repeatedly failed to file income tax returns and riled incomplete or incorrect tax returns and Debtor has not adequately explained the reason for this.

18. By reason of the foregoing, Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(3).

## AS AND FOR A THIRD CLAIM:

19. Plaintiff respectfully repeats and realleges each and every allegation set forth in paragraphs "1" through "18" hereof, inclusive, with the same force and effect as if set forth at length herein.

20. Debtor has knowingly and fraudulently, in or in connection with the case – (i) made one or more false oaths and accounts; (ii) presented or used one or more false claims; and/or (iii) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs and has not complied with this court's June 7, 2005 order.

21. Debtor did not reveal in her Petition her actual interest in the lawsuit, nor the existence of the law suite, nor the actual amount of money to be paid under the lawsuit nor the amount received by debtor for the contents of the Manhattan Mini Storage unit nor reporting papers related to debtor's financial affairs during the pending of this proceeding.

22  Debtor did not reveal her actual interest in the lawsuit nor the amount received by debtor for the contents of the Manhattan Mini Storage unit nor reporting papers related to debtor's financial affairs during the pending of this proceeding including the 24 boxes of personal documents from Largest Creditor's facility.

23. Debtor has not provided a Statement of Financial Affairs.

24.     Furthermore, it appears from other evidence developed prior to the commencement of the within Adversary Proceeding that, in addition to the foregoing, at the time of the Filing date, Debtor knowingly and fraudulently concealed her assets and misstated financial information in the Petition, Schedules and Statement of Financial Affairs, including but not limited to bank accounts to the extent provided and the 24 boxes of personal documents from Largest Creditor's facility.

25.     Furthermore, as noted above, debtor failed to testify at her § 341 Meeting.

26.     By reason of the foregoing, Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(4)(A), (B) and (D) and 727(a)(6)(A).

## **AS AND FOR A FOURTH CLAIM:**

27.     Plaintiff respectfully repeats and realleges each and every allegation set forth in paragraphs "1" through "26" hereof, inclusive, with the same force and effect as if set forth at length herein.

28.     Pursuant to 11 U.S.C. §363 Largest Creditor has a lien on the cash collateral sold free and clear at Largest Creditor's facility sold on July 19, 2006.

29.     Pursuant to 11 U.S.C. §363 Largest Creditor is entitled to adequate protection on the proceeds and entitled to be paid such proceeds.

30.     By reason of the foregoing Largest Creditor should receive the cash collateral from the July 19, 2006 sale at Largest Creditor's facility.

WHEREFORE, the trustee demands judgment against debtor, denying her discharge and retain jurisdiction as well as payment of the cash collateral from the July 19, 2006 sale. Together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 13, 2006

                      STEVEN I. HONIG
                      Attorney for Chelsea Mini Storage

                      By: /s/ Steven I. Honig
                          STEVEN I. HONIG (SH 3745)
                          224 12th Avenue
                          New York, NY 10001
                          (212) 695-8090

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                      Case #04-43344 (RDD)

ANDREA LOGAN                                                Adv. Proc. No.:


                          Debtor.
----------------------------------------------------------X
CHELSEA MINI STORAGE


                          Plaintiff,
-against-

ANDREA LOGAN

                          Defendant.
----------------------------------------------------X
```

## AFFIDAVIT OF SERVICE OF
## COMPLAINT IN AN ADVERSARY PROCEEDING

**LINDA ELSROAD**, hereby declares under penalty of perjury:

I am not a party to this action, am over 18 years of age and reside in New York State. On November 15, 2006, I served the within Complaint in an Adversary Proceeding, by depositing a true copy thereof, enclosed in a postage paid properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service within New York State:

Richard E. O'Connell
Yost & O'Connell
24-44 Francis Lewis Blvd.
Whitestone, NY 11357

United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

Andrea Logan
PO Box 274
NYC NY 10021

Donald B. Cohen
204 East 84th Street
New York, NY  10028

Andrea Logan
215 E. 73 Street
Apartment #5G
New York, NY  10021

United States Attorney
Southern District of New York
One St. Andrews Plaza
New York, NY  10007-1701

Manhattan Division
One Bowling Green
New York, NY  10004-1408

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO Box 21126
PHILADELPHIA PA  19114-0326

MIDLAND CREDIT MANAGEMENT, INC.
8875 AERO DRIVE
SAN DIEGO, CALIFORNIA 92123

PRM FINANCIAL SERVICE
P.O. BOX 740933
DALLAS, TX  75374

MANHATTAN MINI
220 SOUTH STREET
NEW YORK, NY  10002

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE
BANKRUPTCY SECTION
P O BOX 5300
ALBANY NY  12205-0300

MARTIN SPAGAT
c/o Carb Luria Cook & Kufeld LLP
521 FIFTH AVENUE
NEW YORK, NY  10175

New York City Dept. of Finance
Taxpayer Identification Unit
25 Elm Place, 3rd Floor
Brooklyn, NY  11201-5807

Schuyler G. Carroll
Ardent Fox PLLC
1075 Broadway
New York, NY  10019

Andrew G. Lipkin
New York City Law Department
Rm 5-197
100 Church Street
New York NY  10007

Jeffrey L Sapir – 13
As Chapter 13 & 12 Trustee
399 Knowllwood Road
Sutie 102
White Plains NY  10603

James E. Schwartz
Carb Luria Cook & Kufeld LLP
521 Fifth Avenue
New York, NY  10175

Jonathan Gardner
Labaton Sucharow & Rudoff
100 Park Avenue
NY NY  10017-5563

              /s/Linda Elsroad_____
              LINDA ELSROAD

Duly sworn to before me this
15 day of November 2006

/s/ Kathryn A. Gubista_____
Notary Public

  KATHRYN A. GUBISTA
Notary Public, State of New York
   No. 4622443
  Qualified in Nassau County
Commission Expires June 30, 2007