UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In Re
Andrea Logan,                                    Case #04-43344 rdd
Debtor.
----------------------------------X

**STIPULATION BETWEEN TRUSTEE AND SECURED CREDITOR CHELSEA MINI-STORAGE PROVIDING FOR DIVISION OF PROCEEDS OF 7/19/06 AUCTION SALE**

The following Stipulation is made on January 31, 2007, between Richard E. O'Connell (the "trustee"), trustee in bankruptcy of Andrea Logan (the "debtor"), and Chelsea Mini-Storage, a division of Waterfront N.Y. Realty Corp., a New York Corporation ("CMS"), a secured creditor.

**THE REASONS FOR THE STIPULATION**

1. This case was filed under Chapter 13 of the United States Bankruptcy Code on November 8, 2004, and was converted to a case under Chapter 7 on September 8, 2005. On July 19, 2006, pursuant to an Amended Notice of Sale, dated June 19, 2006, the trustee, through David R. Maltz & Co., Inc. ("Maltz"), conducted an auction sale (the "7/19/06 Sale") of personal property located in storage units 4-275, 8-210 and 6-205 at a storage facility owned and maintained by CMS at 224 12th Avenue, New York, NY 10001. Gross proceeds of $50,000 were realized at the 7/19/06 Sale. As of the sale date, CMS asserted then-current arrears in payment of its occupancy charges for such storage units in the amount of not less than $91,304. CMS claims a storage lien, arising under New York Lien Law §182, securing its claim for arrears. Such lien, which attached to the

personal property sold by the trustee at the 7/19/06 Sale, has now attached to the proceeds of sale.

    2. On June 19, 2006, prior to the 7/19/06 Sale, the trustee and CMS entered into a stipulation (the "6/19/06 stipulation"), a copy of which is annexed hereto as an exhibit, which provides for the division between the trustee and CMR of the proceeds which would be realized at the 7/19/06 Sale. The 6/19/06 stipulation provides in pertinent part as follows:

> The expenses of auction, including the auctioneer's commission and expenses in the amount allowed by this Court upon application of the Maltz firm, will be paid from the proceeds of sale. The net proceeds, after payment of such commission and expenses, shall then to be divided equally between CMS (in full satisfaction of its secured claim) and the estate. CMS will be entitled to file a general unsecured claim, to share *pari passu* with any other allowed general unsecured claims, for any deficiency remaining after application of its share of the net proceeds against its secured claim.

    3. Pursuant to an Auctioneer's Report of Sale, dated August 2, 2006, Maltz reports that it incurred expenses totaling $4,870.44, and that it will seek an Order allowing such expenses together with a commission of $5,000. If such expenses and commission are allowed by this Court, net proceeds in the amount of $40,129.56 will remain. Pursuant to the terms of the 6/19/06 stipulation, such net proceeds must be divided equally between the bankruptcy estate and CMR, with each party receiving $20,064.78. The receipt by CMR of such funds shall effect a full satisfaction of CMR's lien and secured claim. CMS shall further be entitled to

file a general unsecured claim, to share *pari passu* with any other allowed general unsecured claims, for any deficiency remaining after application of its share of the net proceeds against its secured claim.

    4.  The trustee shall serve a copy of this stipulation, with Notice of Presentment to the Court, on all parties in interest, and shall present this stipulation to the Court on the presentment date set further in such Notice. This stipulation shall only be effective upon the endorsement by the Court of an Order, at the foot hereof, approving its terms.

Dated:    Whitestone, New York
            January 31, 2007

                        s/Richard E. O'Connell
                        Richard E. O'Connell (ROC 7157)
                        Chapter 7 trustee
                        24-44 Francis Lewis Blvd.
                        Whitestone, New York 11357
                        (718) 767-6400

Dated:    New York, New York
            January 31, 2007
                        s/Steven I. Honig
                        Steven I. Honig, Esq. (SH 3745)
                        Attorney for Chelsea Mini Storage
                        224 12th Avenue
                        New York, NY 10001
                        212-695-8090

So ordered this  day of February, 2007

_____
Robert D. Drain
United States Bankruptcy Judge

# EXHIBIT TO STIPULATION

COPY OF 6/19/06 STIPULATION

```
                UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In Re
Andrea Logan,                                Case #04-43344 rdd
Debtor.
---------------------------------X
```

**STIPULATION BETWEEN TRUSTEE AND SECURED CREDITOR CHELSEA MINI-STORAGE PROVIDING FOR DIVISION OF PROCEEDS OF SALE OF PERSONAL PROPERTY OF ESTATE LOCATED AT CHELSEA MINI-STORAGE**

The following Stipulation is made on June 16, 2006, between Richard E. O'Connell (the "trustee"), trustee in bankruptcy of Andrea Logan (the "debtor"), and Chelsea Mini-Storage, a division of Waterfront N.Y. Realty Corp., a New York Corporation ("CMS"), a secured creditor.

**THE REASONS FOR THE STIPULATION**

1. This case was filed under Chapter 13 of the United States Bankruptcy Code on November 8, 2004, and was converted to a case under Chapter 7 on September 8, 2005. The debtor is a serial filer. In addition to the current case, the debtor filed two prior bankruptcy cases in this Court, under case ## 03-41968 and 01-42702. Both prior cases were dismissed. On the filing date of the debtor's petition, and for several years prior thereto, the debtor maintained personal property, allegedly consisting of antiques and art objects, in storage units 4-275, 8-210 and 6-205 at a storage facility owned and maintained by CMS at 224 12th Avenue, New York, NY 10001. According to a document styled "Objection of Chelsea Mini Storage to Debtor's Discharge", filed by CMS on May 12, 2006, the debtor has not paid occupancy charges for at least four years, and CMS

claims current arrears in payment of such occupancy charges in the current amount of not less than $91,304. CMS claims a storage lien, arising under New York Lien Law §182, securing its claim for arrears.

2. Pursuant to an Order of this Court entered on March 28, 2005, and modified on June 7, 2005, CMS and the debtor conducted auction sales of some or all of the contents of Units 4-275, 6-205 and 8-210 on May 17, 2005, June 14, 2005, and July 12, 2005. The unsold personal property of the debtor consists of the balance of the contents of the three units that was not sold at the three auction sales conducted in 2005 (hereinafter, such unsold property is referred to as the "remaining property"). The value of the remaining property is unclear, although CMS alleges that the remaining property is worth less than the amount of its secured claim.

3. By Order dated May 31, 2006, this Court has authorized the trustee to retain David R. Maltz & Co., Inc. (the "Maltz firm"), as his auctioneer for the purpose of selling at auction the remaining property. Such auction has been scheduled to occur on July 19, 2006, at 11 AM, at the CMS facility. In order to facilitate a sale of the remaining property, and to benefit both CMS as secured creditor and the bankruptcy estate, the parties to this stipulation have entered into the following agreement.

### THE PARTIES' AGREEMENT

4. The trustee and CMS agreed that the trustee, through the Maltz firm, will conduct an auction sale of the

remaining property.  The expenses of auction, including the auctioneer's commission and expenses in the amount allowed by this Court upon application of the Maltz firm, will be paid from the proceeds of sale.  The net proceeds, after payment of such commission and expenses, shall then to be divided equally between CMS (in full satisfaction of its secured claim) and the estate.  CMS will be entitled to file a general unsecured claim, to share *pari passu* with any other allowed general unsecured claims, for any deficiency remaining after application of its share of the net proceeds against its secured claim.

5.  This Stipulation shall only be effective upon the endorsement by the Court of an Order, at the foot hereof, approving its terms.

Dated:    Whitestone, New York
          June 19, 2006

                    s/Richard E. O'Connell
                    Richard E. O'Connell (ROC 7157)
                    Chapter 7 trustee
                    24-44 Francis Lewis Blvd.
                    Whitestone, New York 11357
                    (718) 767-6400

Dated:    New York, New York
          June 19, 2006

                    s/Steven I. Honig (SH 3745)
                    Steven I. Honig, Esq.
                    Attorney for Chelsea Mini Storage
                    224 12th Avenue
                    New York, NY 10001
                    212-695-8090

So ordered this 16th day of June, 2006

/s/Robert D. Drain
Robert D. Drain
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In Re
Andrea Logan,                                    Case #04-43344 rdd
Debtor.
---------------------------------X

**STIPULATION BETWEEN TRUSTEE AND SECURED CREDITOR CHELSEA MINI-STORAGE PROVIDING FOR DIVISION OF PROCEEDS OF 7/19/06 AUCTION SALE**

        RICHARD E. O'CONNELL
        Trustee in bankruptcy
        24-44 Francis Lewis Boulevard
        Whitestone, NY 11357
        718-767-6400

        Steven I. Honig, Esq.
        Attorney for Chelsea Mini Storage
        224 12th Avenue
        New York, NY 10001
        212-695-8090